UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

FRANKIE VALENTI,

                              Plaintiff,

             -against-

POLICE COMMISSIONER PATRICK J.
RYDER, individually, LIEUTENANT
MARC TIMPANO, individually,
OFFICERS "JOHN DOE" 1-2
(fictitiously named) individually, and
THE COUNTY OF NASSAU,

                              Defendants.
---------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   JUL 12 2019   ★

LONG ISLAND OFFICE

Case No.:

COMPLAINT

**JURY TRIAL DEMANDED**

**CV-19 3990**

**HURLEY, J.**

**TOMLINSON, M.J.**

Plaintiff, FRANKIE VALENTI, by his attorneys, HARFENIST KRAUT &

PERLSTEIN, LLP, as and for a complaint, allege as follows:

**NATURE OF THE ACTION**

1.     This is an action seeking monetary damages and injunctive relief

related to the deprivation of Plaintiff Frankie Valenti's civil rights guaranteed to

him under the Second and Fourteenth Amendments to the United States

Constitution committed by the above named defendants.

2.     The Plaintiff bases this action upon the continued illegal retention of

Plaintiff's firearms by the Nassau County Police Department and the abject failure

of the County of Nassau to provide a meaningful post deprivation hearing as

required under the Fourteenth Amendment as well as multiple decisions of this

Court and the Second Circuit Court of Appeals.

## JURISDICTION

3.      Jurisdiction is proper in this Court pursuant to 28 USC §1331 and 42 USC §1983 in that the actions taken by the municipal defendants violated the Plaintiff's civil rights.

## VENUE

4.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) since all of the events occurred in Nassau County which is located in the Eastern District of New York.

## PARTIES

5.      Plaintiff, Frankie Valenti ("Valenti") is a resident of the State of New York, residing at 2394 Narragansett Avenue, Seaford, New York.

6.      Police Commissioner Patrick Ryder ("Ryder") who is being sued in his individual capacity, is the Police Commissioner for the Nassau County Police Department. Upon information and belief, at all relevant times described herein, Ryder was acting under color of state law within the scope of his employment with the Nassau County Police Department.

7.      Lieutenant Marc Timpano ("Timpano") who is being sued in his individual capacity, is the supervisor of the Nassau County Police Department's Pistol License Bureau. Upon information and belief, at all relevant times described

2

herein, Timpano was acting under color of state law within the scope of his employment with the Nassau County Police Department.

8. Nassau County Police Officers John Doe 1-2, are police officers who are being sued in their individual capacities and are employed by the County of Nassau. Upon information and belief, at all relevant times described herein, the police officers were acting under color of state law within the scope of their employment as police officers employed by the County of Nassau in the Nassau County Police Department's Pistol License Bureau.

9. The County of Nassau ("Nassau") is a municipal subdivision of the State of New York, duly existing by reason of and pursuant to the laws of the State of New York.

**STATEMENT OF FACTS**

10. Valenti is an American citizen and New York resident who has lived in Nassau County for more than ten (10) years.

11. Valenti is a small business owner and operates a home improvement company called Americano Contracting Corp.

12. In late 2015, Valenti obtained a target and hunting pistol license from the Nassau County Police Department.

13. After obtaining the pistol license, Valenti purchased various pistols and longarms and stored them in his Seaford home.

14. On July 15, 2018, Valenti and his wife Melissa Valenti ("Melissa"), were involved in an argument at their Seaford home, which resulted in Melissa striking Valenti in the face.

15. After being struck by Melissa, Valenti called the Nassau County Police Department in an effort to deescalate the situation.

16. Various members of the Nassau County Police Department arrived at Valenti's home in response to his call.

17. Upon arrival at Valenti's home, the officers spoke with Valenti and Melissa and took a report from Valenti.

18. During their interview, the officers asked Valenti about his pistols and longarms and he honestly answered all of their questions.

19. In and around the early hours of July 16, 2018, Valenti was arrested and charged with: three (3) counts of Criminal Possession of an Assault Rifle under New York Penal Law §265.02; three (3) counts of Criminal Possession of a Firearm under New York Penal Law §265.01; two (2) counts of Child Endangerment under New York Penal Law §260.01 and six (6) counts of Criminal Possession of a Weapon under New York Penal Law §265.01.

20.    At the time of Valenti's arrest, the Nassau County Police Department seized at least nineteen (19) pistols and longarms which Valenti lawfully maintained.

21.    Additionally, later that day, Valenti's father surrendered another pistol to the Nassau County Police Department.

22.    At the time that Valenti's pistols and longarms were surrendered, the Nassau County Police Department issued "PDCN 41" forms which listed the seized guns and contained a statement that "[t]he return of longarms and shotguns will be on the results of an administrative review. To facilitate this review this Department will be forwarding to the above address a Long Gun Review Record form."

23.    No Long Gun Review Record form was ever received by Valenti.

24.    The PDCN 41 form also contained a statement at the bottom that "Legal disposition of all licensed firearms, longarms, shotguns and other weapons must be made within one year from the date of this receipt, or same will be destroyed in accordance with the law."

25.    On November 9, 2018, all of the criminal charges against Valenti were dismissed by Nassau County District Court Judge Anthony Paradiso under New York Criminal Procedure Law 170.30(1)(f) and pursuant to the application of the Nassau County District Attorney.

26.   Following Valenti's retention of counsel, on April 5, 2019, a letter was sent to the Nassau County Pistol License Bureau by e-mail and first class mail, requesting the return of all seized pistols and longarms.

27.   The April 5, 2019 letter advised the Nassau County Pistol License Bureau that all of the criminal charges had been dismissed against Valenti and included a copy of the certificate of disposition from the Nassau County District Court dated March 27, 2019.

28.   Thereafter by letter dated April 11, 2019, the Nassau County Pistol License Bureau advised Valenti that his pistol license had been revoked. ("Notice of Revocation").

29.   In addition to advising that Valenti's pistol license had been revoked, the Notice of Revocation indicated that Valenti's pistols and longarms would be destroyed within thirty (30) days if no action was taken.

30.   Although the Notice of Revocation was dated April 11, 2019, it was not run through the NCPD postal meter until April 15, 2019 and was received on April 18, 2019.

31.   The Notice of Revocation further stated that Valenti had the ability to appeal both the revocation of his pistol license and the confiscation of his pistols and longarms.

32.     The Notice of Revocation indicated that in order to appeal these decisions, Valenti was required to send a letter to the Nassau County Pistol License Bureau via certified mail within ten (10) days requesting an appeal.

33.     The Notice of Revocation further advised that upon receipt of the letter, the Nassau County Pistol Licensing Bureau "will provide instructions regarding the appeal process."

34.     Additionally, the Notice of Revocation indicated that "[t]he revocation of a pistol license and confiscation of longarms and/or shotguns are subject to separate and distinct reviews by the Appeals Officer. The Appeals Officer will review each of these administrative decisions independently and render a decision based on applicable law."

35.     On April 18, 2019, (the same date that the Notice of Revocation was received) Valenti notified the Nassau County Pistol Licensing Bureau by letter (the "Appeal Letter") that he was appealing both the decision to revoke his pistol license and the decision to retain custody of Valenti's pistols and longarms.

36.     The Appeal Letter was mailed to the NCPD by certified mail on April 18, 2019 and received by the NCPD on April 22, 2019.

37.     On or about May 1, 2019, the NCPD mailed Valenti a "Pistol License Appeal Procedure" memo and a "Notice of Appeal to the Police Department of Nassau County."

7

38. The May 1, 2019 mailing did not discuss the seized longarms and pistols, nor did it contain any instructions for appeal of the decision to retain Valenti's longarms and guns.

39. Instead, the May 1, 2019 mailing contained instructions for the appeal of the revocation of Valenti's Pistol Permit.

40. On May 16, 2019 Valenti sent a completed Notice of Appeal of the revocation of his Pistol Permit to the Nassau County Police Department by certified mail.

41. The Notice of Appeal was received by the Nassau County Police Department on May 20, 2019.

42. No decision on the appeal of the revocation of the Pistol Permit has been received from the Nassau County Police Department and upon information and belief the appeal is still under review by the by the Nassau County Police Department.

43. At no point has the Nassau County Police Department advised Valenti of the procedure for appealing the Nassau County Police Department's decision to retain Valenti's longarms and guns.

44. On February 28, 2011, Judge Spatt of this Court issued an Order in *Razzano v. County of Nassau*, 07 CV 3983 (ADS)(AKT) which required Nassau

County to offer prompt post deprivation hearings to persons whose longarms are seized by Nassau County.

45.     On August 26, 2015, Judge Azrack of this Court issued an Order in *Panzella v. County of Nassau*, 13 CV 5640 (JMA)(SIL) in which she ruled that the *Panzella* plaintiff should have been a hearing under *Razzano* and granted her summary judgment against the Defendants on their policy of retaining seized longarms.

46.     By decision dated July 17, 2017 and amended on July 18, 2017, the United States Court of Appeals for the Second Circuit affirmed Judge Azrack's decision in *Panzella*, stating "[w]e therefore hold, consistent with the district court's decision in the instant case, and the decision in Razzano, that persons in Panzella's situation are entitled to a prompt post-deprivation hearing under the four conditions set forth by the district court in this case and in Razzano."

47.     As of the date of the filing of this lawsuit, the Defendants have not offered Valenti a hearing on the Nassau County Police Department retention of Valenti's longarms and guns.

48.     Valenti is under no restriction that would prevent him from purchasing a rifle under State or Federal law.

## AS AND FOR A FIRST CAUSE OF ACTION
## FOR VIOLATION OF PLAINTIFF'S
## SECOND AMENDMENT RIGHTS

49.    Plaintiff repeats, realleges and reiterates the allegations in paragraphs one through forty-eight as if more fully set forth hereat.

50.    On July 16, 2018, various officers of the Nassau County Police Department seized Valenti's pistols and longarms during an arrest which took place at his residence.

51.    Although Valenti contests the probable cause for the arrest, the instant lawsuit does not seek recovery for the 4th Amendment violations related to Valenti's false arrest and malicious prosecution.

52.    On November 9, 2018, all of the criminal charges against Valenti were dismissed by Nassau County District Court Judge Anthony Paradiso.

53.    Notwithstanding the dismissal of the criminal charges, Valenti's pistols and longarms were not returned to him at the time.

54.    By letter dated April 5, 2019, Valenti advised the Nassau County Pistol License Bureau that the criminal charges against Valenti had been dismissed and demanded the return of his pistols and longarms.

55.    In response to the April 5, 2019 letter, a member or members of the Nassau County Pistol License Bureau determined that Valenti's pistol license

should be revoked and that his pistols and longarms would be retained by the NCPD.

56.    For reasons known only to the members of the Nassau County Pistol License Bureau, the Notice of Revocation was unsigned and did not disclose the name of the person or persons who determined that Valenti's pistol license should be revoked and that his pistols and longarms would be retained by the NCPD.

57.    In response to the Notice of Revocation, Valenti sent the April 18, 2019 letter which sought an appeal of the determination to retain his pistols and longarms.

58.    Although the Nassau County Pistol License Bureau provided Valenti with a mechanism to appeal the revocation of his pistol license, they did not return the seized pistols and longarms.

59.    Upon information and belief, the decision to retain Valenti's longarms was made by Timpano in his role as supervisor of the Pistol License Bureau.

60.    Upon information and belief, the decision to retain Valenti's longarms was made by Police Officers John Doe 1-2 in their role as employees of the Pistol Licensing Bureau.

61.    The continued retention of Valenti's longarms, notwithstanding the dismissal of all criminal charges against Valenti, constitutes a violation of Valenti's Second Amendment rights.

62.    As a proximate result of Defendants' intentional actions, Valenti has been damaged in an amount to be provided at trial but no less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION
## VIOLATION OF PLAINTIFF'S
## FOURTEENTH AMENDMENT RIGHTS

63.    Plaintiff repeats, realleges and reiterates the allegations in paragraphs one through sixty-two as if more fully set forth hereat.

64.    Under *Razzano* and *Panzella*, the Nassau County Police Department is required to hold a prompt post-deprivation hearing in connection with the retention of seized longarms.

65.    Notwithstanding this Court and the Second Circuit's Orders which placed the County of Nassau and Ryder on notice of the obligation to offer prompt post-deprivation hearings, no such hearing was offered to Valenti.

66.    The continued retention of Valenti's pistols and longarms, without offering Valenti a prompt post-deprivation hearing, constitutes a violation of Valenti's Fourteenth Amendment rights.

67.    As a proximate result of Defendants' intentional actions, Valenti has been damaged in an amount to be provided at trial but no less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees.

## AS AND FOR A THIRD CAUSE OF ACTION
## UNCONSTITUTIONAL POLICY OF RETENTION OF SEIZED
## WEAPONS IN VIOLATION OF PLAINTIFF'S
## FOURTEENTH AMENDMENT RIGHTS

68.     Plaintiff repeats, realleges and reiterates the allegations in paragraphs one through sixty-seven as if more fully set forth hereat.

69.     Over the course of the last eight years since Judge Spatt's decision in *Razzano*, the County of Nassau has refused to return seized longarms in the name of public safety.

70.     Upon information and belief, prior to the seizure of Valenti's pistols and longarms, at least ten lawsuits were commenced against the County of Nassau seeking recovery for the County of Nassau's failure to hold prompt post-deprivation hearings after seizure of longarms.

71.     Upon information and belief, the County of Nassau has a long-standing policy of keeping all longarms seized by the Nassau County Police Department, regardless of the disposition of the underlying event which caused the seizure of the longarms.

72.     The longstanding policy of refusal to return seized longarms defies logic, as those whose longarms were seized are permitted to purchase and keep new longarms in their homes.

73.    Although this longstanding policy is known to Ryder and policymakers in the Nassau County Police Department, there has been no effort to provide citizens with a prompt post-deprivation hearing.

74.    In refusing to provide a hearing or return the seized longarms, the Defendants have violated Valenti's Fourteenth Amendment rights.

75.    As a proximate result of Defendants' intentional actions, Valenti has been damaged in an amount to be provided at trial but no less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees.

## AS AND FOR A FOURTH CAUSE OF ACTION
## INJUNCTIVE RELIEF

76.    Plaintiff repeats, realleges and reiterates the allegations in paragraphs one through seventy-six as if more fully set forth hereat.

77.    At the time that Valenti's pistols and longarms were seized, Valenti was issued "PDCN 41" forms which listed the seized guns and contained a statement that "Legal disposition of all licensed firearms, longarms, shotguns and other weapons must be made within one year from the date of this receipt, or same will be destroyed in accordance with the law."

78.    Although all the criminal charges against Valenti were dismissed in November 2018, the pistols and longarms which were seized from Valenti remain in the possession of the Nassau County Police Department.

79.     Some of the pistols and longarms retained by the Nassau County Police Department have personal value to Valenti and he will be damaged if they are destroyed.

80.     Valenti has made numerous requests for the return of his pistols and longarms and has followed every directive from Nassau County, including filing an appeal of the revocation of his pistol license.

81.     In order to maintain the status quo until such time as a hearing is held on Valenti's demand for the return of his pistols and longarms, the Defendants should be enjoined from selling, destroying or otherwise disposing of Valenti's personal property.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully demands the following relief:

a.      For compensatory damages against all defendants in an amount to be proved at trial, but no less than THREE MILLION DOLLARS ($3,000,000.00).

b.      For exemplary and punitive damages against all defendants in an amount to be proved at trial.

c.      For injunctive relief, barring the disposition  of Plaintiff's personal property.

d.      For attorneys fees pursuant to 42 U.S.C. §1988 against all defendants.

e.      For such other and further relief as this Court may deem just and proper.

Dated:  Lake Success, New York
        July 12, 2019

Respectfully submitted,

HARFENIST KRAUT & PERLSTEIN, LLP
Attorneys for Plaintiff
3000 Marcus Avenue, Suite 2E1
Lake Success, New York 11042
(516) 355-9600

By: _____*Steven J. Harfenist*_____
        STEVEN J. HARFENIST
        NEIL TORCZYNER

16