Affidavit of
Frankie Valenti

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X   Case No.:
FRANKIE VALENTI,

                                                        DECLARATION OF
                      Plaintiff,         FRANKIE VALENTI

      -against-

POLICE COMMISSIONER PATRICK J.
RYDER, individually, LIEUTENANT
MARC TIMPANO, individually,
OFFICERS "JOHN DOE" 1-2
(fictitiously named) individually, and
THE COUNTY OF NASSAU,
                     Defendants.
----------------------------------------------------------X

       FRANKIE VALENTI, declares under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

       1.      I am the Plaintiff in the above captioned matter and am fully familiar with the facts as set forth herein.

       2.      I submit this Declaration in support of Plaintiff's FRCP 65 motion.

       3.      In late December 2015 I was issued a target and hunting pistol license by the Nassau County Police Department.

       4.      After obtaining the pistol license, I purchased various pistols and longarms and stored them in my Seaford home.

       5.      A representative sample of the receipts for my pistol and longarm purchases is appended to my declaration as Exhibit "A".

       6.      On July 15, 2018, I contacted the Nassau County Police Department after

my wife Melissa Valenti ("Melissa") hit me in the face.

7. Various members of the Nassau County Police Department arrived at my home in response to his call.

8. During their visit to my home, the officers asked me about the pistols and longarms and I honestly answered all of their questions.

9. In and around the early hours of July 16, 2018, I was arrested and charged with multiple violations of the Penal Law related to possession of weapons and child endangerment.

10. At the time of my arrest, the Nassau County Police Department seized at least nineteen (19) pistols and longarms which I had lawfully maintained.

11. Additionally, later that day, my father surrendered another pistol to the Nassau County Police Department.

12. When the pistols and longarms were surrendered, the Nassau County Police Department issued "PDCN 41" forms which listed the seized guns. Copies of the five PDCN 41 forms which were provided by the Nassau County Police Department are appended to my declaration as Exhibit "B".

13. It is my belief that at least one if not more pistols and longarms which were seized from me are not listed on the PDCN 41 forms and it is my hope that discovery will allow for them to be identified and recovered in this lawsuit.

14. The PDCN forms were all dated July 16, 2018 contained a statement that

"[t]he return of longarms and shotguns will be on the results of an administrative review. To facilitate this review this Department will be forwarding to the above address a Long Gun Review Record form."

15. I have never received a "Long Gun Review Record form" from the Nassau County Police Department.

16. The PDCN 41 forms also contained a statement at the bottom that "Legal disposition of all licensed firearms, longarms, shotguns and other weapons must be made within one year from the date of this receipt, or same will be destroyed in accordance with the law."

17. On November 9, 2018, all of the criminal charges against me were dismissed by Nassau County District Court Judge Anthony Paradiso under New York Criminal Procedure Law 170.30(1)(f) and pursuant to the application of the Nassau County District Attorney. A copy of the transcript from that court appearance is appended to my declaration as Exhibit "C".

18. On April 5, 2019, my attorneys wrote to the Nassau County Pistol License Bureau by e-mail and first class mail and requested the return of all seized pistols and longarms. A copy of the letter is appended to my declaration as Exhibit "D".

19. Thereafter by letter dated April 11, 2019, the Nassau County Pistol License Bureau advised me that my pistol license had been revoked ("Notice of Revocation") and that my pistols and longarms would be destroyed within thirty (30)

days if no action was taken. A copy of the letter is appended to my declaration as Exhibit "E".

20. The Notice of Revocation also advised that I could appeal both the revocation of the pistol license and the confiscation of the pistols and longarms by sending a letter to the Nassau County Pistol License Bureau via certified mail within ten (10) days requesting an appeal.

21. Additionally, the Notice of Revocation indicated that "[t]he revocation of a pistol license and confiscation of longarms and/or shotguns are subject to separate and distinct reviews by the Appeals Officer. The Appeals Officer will review each of these administrative decisions independently and render a decision based on applicable law."

22. On April 18, 2019, my attorneys notified the Nassau County Pistol Licensing Bureau by letter (the "Appeal Letter") that I was appealing both the decision to revoke the pistol license and the decision to retain custody of my pistols and longarms. A copy of the letter is appended to my declaration as Exhibit "F".

23. On or about May 1, 2019, the NCPD sent my attorneys a "Pistol License Appeal Procedure" memo and a "Notice of Appeal to the Police Department of Nassau County." A copy of the mailing is appended to my declaration as Exhibit "G".

24. The May 1, 2019 mailing did not discuss my seized longarms and pistols, nor did it contain any instructions for appeal of the decision to retain them.

25. On May 16, 2019, my attorneys sent the completed Notice of Appeal of the revocation of my Pistol Permit to the Nassau County Police Department by certified mail.

26. It is my understanding that no decision on the appeal of the revocation of the Pistol Permit has been received from the Nassau County Police Department and upon information and belief the appeal is still under review by the by the Nassau County Police Department.

27. At no point has the Nassau County Police Department advised me of the procedure for appealing the Nassau County Police Department's decision to retain my pistols and longarms.

28. If the statement in the PDCN 41 form is accurate, the Nassau County Police Department will destroy my rifles and possibly even my pistols on July 16, 2019, unless they are enjoined from doing so.

29. I would prefer not to have replace my existing collection, some of which have great sentimental value to me.

30. One of the guns which was seized belonged to my late grandfather Peter Loretta and when he passed away it was given to me.

31. An additional gun is an antique Sauer & Song 32 caliber pistol which I believe is worth more than ten times the price that I paid for it.

32. My attorneys have explained to me that Nassau County is required to

afford me a prompt hearing on the seizure of my rifles and pistols, but to date I have not received any notice or correspondence advising me that a hearing can be held.

33.   I have never been convicted of a crime and I am not aware of any reason that I would be unable to purchase new long guns at present.

Dated: Lake Success, New York
      July 11, 2019

*Frankie Valenti*

Affirmed to before me on this
12th day of July, 2019

NOTARY PUBLIC

STEVEN J. HARFENIST
Notary Public, State of New York
No. 02HA6328607
Qualified in Westchester County
Commission Expires August 3 19