UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

FRANKIE VALENTI,

                Plaintiff,

      v.

POLICE COMMISSIONER PATRICK J.
RYDER, individually, LIEUTENANT
MARC TIMPANO, individually,
CHRISTOPHER V. TODD, ESQ.,
Individually, OFFICERS "JOHN DOE"
1-2 (fictitiously named), individually, and
THE COUNTY OF NASSAU,

                Defendants.

-------------------------------------------------------------X

**REPORT & RECOMMENDATION**

19-CV-03990 (GRB) (LGD)

**LEE G. DUNST**, Magistrate Judge:

On July 12, 2019, Plaintiff Frankie Valenti filed the instant action against Defendants Police Commissioner Patrick J. Ryder, Lieutenant Marc Timpano, Christopher V. Todd, Esq., Officers "John Doe" 1-2, and the County of Nassau. Electronic Case File Number ("ECF No.") 1. The law firm of Harfenist, Kraut & Perlstein, L.L.P. ("HKP") has represented Plaintiff from the commencement of this lawsuit through present day. *See* ECF Nos. 1-111. More than two years later and after actively litigating the case throughout that time, Defendants raised with the Court the possibility of filing a motion to disqualify HKP as Plaintiff's counsel. ECF No. 80 (January 8, 2022 Conference before Magistrate Judge Steven I. Locke[1]). Now presently before the Court pursuant to the September 23, 2022 referral from the Honorable Gary R. Brown for a

---

[1] On June 7, 2022, this case was randomly reassigned from Judge Locke to the undersigned. June 7, 2022 Order.

Report and Recommendation is Defendants' motion to disqualify HKP, Plaintiff's opposition to disqualification, and Defendants' supplemental submission at the Court's direction.  ECF Nos. 104, 107, and 109.  For the reasons set forth herein, the undersigned recommends that Judge Brown deny Defendants' motion to disqualify HKP as counsel for Plaintiff.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

The Court assumes familiarity with the factual and procedural history of this case and provides a summary of that history only insofar as necessary for the resolution of the pending disqualification motion.

   A.      **Background Facts**

This case arose following a domestic incident that occurred between Plaintiff and his wife at their apartment in Seaford, New York on July 15, 2018.  ECF No. 29 ¶ 15.  According to Plaintiff, his wife allegedly struck him in the face and, as a result, he called the Nassau County Police Department ("NCPD") "in an effort to deescalate the situation."  *Id.* ¶ 16.  Upon arrival, two officers (Defendants John Doe 1 and John Doe 2) spoke with both Valenti and his wife.  *Id.* ¶ 18.  In response to a question from the NCPD officers, Plaintiff stated that he had firearms in his apartment, but he initially refused to consent to a search of his home.  *Id.* ¶¶ 19-26.  Plaintiff alleges that the officers threatened to arrest him if he withheld his consent to the search.  *Id.* ¶ 22.  As a result of this alleged threat and claimed coercion by the NCPD, Plaintiff allowed officers to search his home during which the officers seized at least nineteen pistols and longarms, which Valenti purportedly maintained legally.  *Id.* ¶¶ 24, 26.  After seizing the firearms, the NCPD officers departed and did not arrest Plaintiff at that time.  *Id.* ¶ 27.

However, during the early morning of July 16, 2018, several NCPD officers returned and arrested Plaintiff on various charges related to alleged criminal possession of firearms and

alleged child endangerment.  *Id.* ¶ 27.  All of these charges were later dismissed on November 9, 2018.  *Id.* ¶ 32.

As a result of the dismissal of these criminal charges against him, Plaintiff made efforts to obtain the return of his firearms that had been seized by the NCPD.  Defendants' response to those efforts are in essence the subject of the lawsuit now pending before the Court.  In a nutshell, the Amended Complaint alleges the NCPD issued forms to Plaintiff, which listed the seized guns, stated that the longarms and shotguns would only be returned upon findings from an administrative review, and stated that a so-called "Long Gun Review Form" would be sent to Plaintiff as part of this process.[2]  *Id.* ¶ 29.  Plaintiff allegedly did not receive such a form before commencing this lawsuit.  *Id.* ¶ 30.

Following dismissal of the criminal charges, the NCPD did not return his firearms to Plaintiff and allegedly did not send him the Long Gun Review form or any other paperwork to reclaim his firearms.  *Id.* ¶ 34.  Plaintiff claims that he was told he "would never be given back his pistols or longarms."  *Id.* ¶ 38.  Plaintiff later retained counsel – specifically, Neil Torczyner, Esq. of HKP – to assist with the return of these firearms.  *Id.* ¶ 38.

On April 5, 2019, Mr. Torczyner wrote to the Nassau County Pistol License Bureau ("NCPLB")[3] by e-mail and mail on behalf of Plaintiff requesting the return of the seized

---

[2] The Court takes judicial notice that the Long Gun Review Form is a form which may be required for a firearm owner to request the return of weapons.  *See Weinstein v. Krumpter*, 386 F. Supp. 3d 220, 237 (E.D.N.Y. 2019) (explaining that failure to submit a Long Gun Review Form may result in a denial of a request for the return of firearms).

[3] The Court takes judicial notice that the NCPLB is part of the Office of the Commission of Police of the NCPD with certain authorities over pistol licenses, including the authority to revoke pistol licenses in Nassau County pursuant to New York State Penal Law § 400.00.  *See* ECF No. 104-4; *Henry v. Cnty. of Nassau*, 6 F.4th 324, 329 (2d Cir. 2021) (discussing procedures around the revocation a pistol license pursuant to New York State Penal Law § 400.00(11)).

3

firearms. ECF No. 107-10 at 5. On April 11, 2019, the NCPLB advised Plaintiff in writing that his pistol license had been revoked and that his pistols and longarms would be destroyed within thirty days if he did not act. ECF No. 29 ¶¶ 41-42. This document also advised Plaintiff that he could appeal the revocation of his pistol license and the confiscation of his firearms by sending a letter to the NCPLB within ten days requesting an appeal. ECF No. 107-10 at 5. On April 18, 2019, HKP notified the NCPLB that Valenti was appealing the decision to revoke the pistol license and the decision to retain custody of his firearms. *Id.*

Several weeks later, on or about May 1, 2019, the NCPD sent a mailing to HKP. *Id.* The parties dispute the contents of that mailing, and this issue is central to the Defendants' pending motion to disqualify HKP in this litigation. Defendants contend that this correspondence from the NCPD included a Long Gun Record Review Form. ECF No. 104-14 at 5. However, Plaintiff disputes this and argues that the NCPD did not send the Long Gun Review Form on or about May 1, 2019. ECF No. 107-10 at 5. According to Mr. Torczyner, the mailing received by HKP did not include the Long Gun Record Review Form. *Id.* (citing Torczyner February 17, 2021 Deposition Transcript at p. 24, line 11 to p. 25, line 12 (located at ECF No. 107-6)).

On May 16, 2019, Plaintiff through HKP sent a Notice of Appeal of the revocation of his Pistol Permit to the NCPD by mail, but no decision was rendered prior to the commencement of this lawsuit. ECF No. 29 ¶¶ 58-59; ECF No. 107-7.

### B.  Procedural History

Plaintiff commenced this lawsuit on July 12, 2019. ECF No. 1. The Complaint alleged, *inter alia*, that the NCPD did not advise him in the May 1, 2019 mailing how to appeal the retention of his weapons. ECF No. 1 ¶¶ 38, 39, and 43. Plaintiff also filed a motion for a Temporary Restraining Order and Preliminary Injunction seeking to bar Defendants from selling,

4

transferring, destroying, or disposing of the firearms during this action. ECF No 8. District Judge Dennis R. Hurley[4] granted the Temporary Restraining Order on July 12, 2019. ECF No. 8. Plaintiff was represented by attorneys Steven Harfenist and Neil Torczyner of the HKP law firm in connection with the filing of the Complaint and the motion for emergency injunctive relief. ECF Nos. 1 & 8.

On August 20, 2019, NCPD Legal Bureau attorney Christopher Todd sent a copy of a Long Gun Record Review Form to Mr. Torczyner. ECF No. 29 ¶ 69. Plaintiff's counsel then submitted a completed Long Gun Review Form on behalf of Plaintiff on September 17, 2019. *Id.* ¶ 82. On October 18, 2019, the NCPD denied Plaintiff's appeal of the retention of his longarms. *Id.* ¶¶ 87-90.

On February 18, 2020, Plaintiff filed an Amended Complaint, asserting six causes of action: (1) Fourth Amendment claim for illegal search and seizure, (2) Second Amendment claim for illegal search and seizure, (3) Fourteenth Amendment claim based on failure to provide give a prompt post-deprivation remedy, (4) *Monell v. Department of Social Services*, 436 U.S. 658 (1978) claim based on a Nassau County policy of refusing to return seized rifles and failing to conduct a prompt post-deprivation hearing following the seizure, (5) claim pursuant to the New York State Civil Practice Law & Rules Article 78 and 42 USC §1983 for review of the decision declining to return Plaintiff's weapons, and (6) a request for injunctive relief. ECF No. 107-10 (citing ECF No. 29). Plaintiff demands monetary damages in the amount of three million dollars, punitive damages, and attorneys' fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988. ECF No. 29 at 30. The pending disqualification motion implicates the third cause of action – the alleged failure to provide a prompt post deprivation remedy by, *inter alia*, not

---

[4] The case was later reassigned to District Judge Gary R. Brown. Jan. 28, 2022 Order.

providing Plaintiff with a Long Gun Review Form[5] for more than one year after the seizure of the firearms.  ECF No. 29 ¶ 128.

The case proceeded through discovery from February 2020 to the summer of 2022 and is currently in the midst of summary judgment practice before Judge Brown.  Jan. 10, 2023 Order.

### C. Defendants' Motion To Disqualify HKP

During a status conference on January 8, 2022, Defendants raised with Magistrate Judge Steven I. Locke the possibility of filing a motion to disqualify HKP as Plaintiff's counsel and, as a result, Magistrate Judge Locke noted that "Defendants will file their motion to disqualify Plaintiff[']s counsel to Judge Brown in the first instance in accordance with his individual rules" and did not issue any schedule for the expected disqualification motion.  ECF No. 80.  More than five months later, on June 27, 2022, Defendants filed a letter seeking permission from Judge Brown to file a motion to disqualify HKP (including Mr. Torczyner) as attorneys for Plaintiff, arguing that Mr. Torczyner is a fact witness and his participation in the trial would "blend[] [HKP's] role as legal advocates and fact witnesses for the benefit of [Plaintiff] thereby violating the advocate-witness rule."  ECF No 87.  The undersigned directed Plaintiff to respond by July 7, 2022.  June 28, 2022 Order.  Plaintiff subsequently filed his opposition to Defendants' proposed motion, arguing that "the facts and law does not support their position and the belated letter application is gamesmanship."  ECF No. 89 at 1.  The undersigned conducted a status conference with the parties on July 11, 2022 and ordered that "the parties shall submit further briefing (limited to 20 pages each) on Defendants' Letter Motion to Disqualify Counsel (Docket No. 87).  Defendants shall serve their supplemental motion on Plaintiff by 10/21/2022.  Plaintiff shall

---

[5] The "completed" Long Gun Review Form is on the docket at ECF No. 54-12 (dated September 17, 2019).

6

serve a response to Defendants' supplemental motion by 11/18/2022." July 11, 2022 Order.

On November 16, 2022, the parties jointly requested that Judge Brown modify the briefing schedule on the aforementioned disqualification motion and also "advised that the parties have partially resolved the motion by stipulation which accompanies this letter." ECF No. 100. The aforementioned stipulation provides, in pertinent part, "the branch of the motion seeking disqualification of Neil Torczyner, Esq. is resolved by stipulation that Neil Torczyner, Esq. will not represent the Plaintiff in the capacity of attorney before a jury for the trial on this matter" and "[HKP] will oppose the branch of the motion seeking disqualification of the firm[.]" ECF No. 100-1. On November 17, 2022, Judge Brown directed the parties to address the request to modify the briefing schedule to the undersigned and also referred the disqualification motion the undesigned. Nov. 17, 2022 Order ("the partial resolution of the motion by stipulation which accompanies Plaintiff's letter, DE 100-1, *viz.* the branch of the Defendants motion which seeks to disqualify Neil Torczyner under the advocate-witness rule from representing Plaintiff, must likewise be redirected to Judge Dunst. See Rule II.e.1.o." [6]). On November 18, 2022, the undersigned granted the parties' joint request to extend the briefing schedule. Nov. 18, 2022 Order.

On November 28, 2022, Defendants filed a motion to disqualify HKP, and Plaintiff responded. ECF Nos. 102 & 103. Defendants' submission included a memorandum of law, an attorney declaration, and more than five-hundred pages of exhibits. ECF Nos. 102. Defendant's memorandum of law was dated October 21, 2022 and had not been revised to reflect the stipulation filed with the Court on November 17, 2022. *Compare* ECF No. 102 *with* ECF No.

---

[6] Judge Brown's Rule II.E.1 provides, "[a]ll discovery and non-dispositive pretrial motions and applications are to be made to the Magistrate Judge in accordance with that Magistrate Judge's individual rules. . . . Non-dispositive motions and applications include: . . . (o) Motions to disqualify counsel."

7

100-1.

On November 29, 2022, the undersigned denied Defendants' disqualification motion without prejudice:

> Per the Court's 7/11/2022 Order, the Court permitted "further briefing (limited to 20 pages each) on Defendants' Letter Motion to Disqualify Counsel (DE 87)." DE 90. On 11/28/2022, Defendants filed a 20-page brief - along with **555 pages of supporting exhibits**. *See* DE 122. Defendants never requested permission for such an excessive filing - and the Court certainly would not have approved a filing of 575 pages in support of this motion. By contrast, Plaintiff's opposition brief is limited to 17 pages. *See* DE 103. Needless to say, Defendants' bloated filing violates the spirit of the Court's 7/11/2022 Order, as well as the letter and the spirit of the Local Rules and the undersigned's Individual Practice Rules. *See* Local Rule 7.1(a)(3) (parties should only submit supporting exhibits "**necessary** for the decision of the motion") (emphasis added); Individual Practice Rule VI.A.3 (discussion of the Court's expectation that the parties "exercise their **reasonable judgment** as to the number and length" of exhibits submitted in support of motions) (emphasis added). Such a violation warrants denial without prejudice of Defendant's motion in its current form. *See, e.g., Field v. Bayerische Motoren Werke Aktiengesellshaft*, No. 18-cv-2889, 2022 WL 905129, at *3 (E.D.N.Y. Mar. 28, 2022) (rejecting court filings due to the parties' failure to comply with the district court's Individual Rules); *Testaccio v. Rahim*, No. 21-CV-1916, 2021 WL 1999411, at *1 (E.D.N.Y. May 19, 2021) (same); *see also Veliz v. Crown Lift Trucks*, 714 F. Supp. 49, 58 (E.D.N.Y. 1989) (noting that "the practice of throwing in the kitchen sink at times may be so abusive as to merit Rule 11 condemnation") (citation omitted). Defendants' Motion to Disqualify Counsel (DE 102) is therefore DENIED WITHOUT PREJUDICE, and Defendants may refile their motion with reasonable attachments. Importantly, if Defendants re-file a motion to disqualify, they shall update their motion in light of the Stipulation on Motion to Disqualify filed in DE 101.

November 29, 2022 Order (emphasis in original).

On December 13, 2022, Defendants filed a revised motion seeking to disqualify HKP pursuant to the "advocate-witness rule." ECF No. 104-14 at 10. According to Defendants, "[u]nder the New York Rules of Professional Conduct, with few exceptions not applicable here, a lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact.'" *Id.* (citing *Quality Door & Hardware, Inc. v. Stanley Sec. Sols., Inc.*, 19-CV-4574 (JS) (AKT), 2020 WL 6582010, at *7 (E.D.N.Y. Nov. 10, 2020)

8

(citing N.Y. R. Prof'l Conduct § 3.7(a)).  The motion argues that Mr. Torczyner of HKP is a fact witness as to whether Defendants mailed certain appeals-related documents to Plaintiff in May 2019.  *Id.* at 14.  The motion further argues that Defendants "shall call HKP staff" to testify as defense witnesses during the trial to "establish the constitutionality of the due process mechanism."  *Id.* at 17.

In response, Plaintiff argues that the rule cited by Defendants (Rule 3.7(a) of New York's Rules of Professional Conduct) applies to the disqualification of lawyers, not firms (as Defendants are seeking here) and the factual testimony at issue concerns a fairly limited aspect of only one cause of action in the Amended Complaint.  ECF No. 107-10 at 13-18.

On February 8, 2023, the undersigned requested further briefing from Defendants on their motion addressing the following topics:

> (1) the application of New York's Rules of Professional Conduct Rule 3.7(b)(1) ("A lawyer may not act as advocate before a tribunal in a matter if: another lawyer in the lawyer's firm is likely to be called as a witness on a significant issue other than on behalf of the client, and it is apparent that the testimony may be prejudicial to the client") and (2) *Murray v. Metro Life Ins. Co.*, 583 F.3d 173, 178-79 (2d Cir. 2009) ("a law firm can be disqualified by imputation only if the movant proves by clear and convincing evidence that [A] the witness will provide testimony prejudicial to the client, and [B] the integrity of the judicial system will suffer as a result").

Feb. 8, 2023 Order.  Defendants filed a supplemental letter on February 21, 2023, arguing that Mr. Torczyner has a financial interest in the outcome of the case and Defendants will be prejudiced by his testimony.  ECF No. 109 at 2.  Defendants further contend that if Mr. Torczyner is to admit that the departmental documents at issue were "prompt[ly]" mailed to the law office, then his testimony would be prejudicial to Plaintiff.  *Id.*  Defendants further argue that the *Murray* case is distinguishable, as the facts at issue here are more material and the HKP is significantly smaller than the law firm at issue in

9

*Murray*. *Id*. at 2.

## II.     LEGAL STANDARD

The witness-advocate rule is set forth in Rule 3.7 of the New York Rules of Professional Conduct. The rule provides, in pertinent, as follows:

> (a) A lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact unless:
>    (1) the testimony relates solely to an uncontested issue;
>    (2) the testimony relates solely to the nature and value of legal services rendered in the matter;
>    (3) disqualification of the lawyer would work substantial hardship on the client;
>    (4) the testimony will relate solely to a matter of formality, and there is no reason to believe that substantial evidence will be offered in opposition to the testimony; or
>    (5) the testimony is authorized by the tribunal.
> (b) A lawyer may not act as advocate before a tribunal in a matter if:
>    (1) another lawyer in the lawyer's firm is likely to be called as a witness on a significant issue other than on behalf of the client, and it is apparent that the testimony may be prejudicial to the client; or
>    (2) the lawyer is precluded from doing so by Rule 1.7 or Rule 1.9.

N.Y. R. Prof'l Conduct § 3.7. The Second Circuit has explained that Rule 3.7 "lends itself to opportunistic abuse" and "'courts must guard against the tactical use of motions to disqualify counsel, they are subject to fairly strict scrutiny.'" *Murray,* 583 F.3d at 178 (quoting *Lamborn v. Dittmer*, 873 F.2d 522, 531 (2d Cir. 1989)); *see Orbetta v. Dairyland USA Corp.*, No. 20 CIV. 9000 (JPC), 2022 WL 134873, at *2 (S.D.N.Y. Jan. 14, 2022) (explaining that courts apply strict scrutiny when considering a motion to disqualify counsel). "The movant, therefore, 'bears the burden of demonstrating specifically how and as to what issues in the case the prejudice may occur and that the likelihood of prejudice occurring [to the witness-advocate's client] is substantial.'" *Murray,* 583 F.3d at 178 (citation omitted); *see Arenson Off. Furnishings, Inc. v. Kopelman*, No. 1:20-CV-10497-MKV, 2021 WL 1758806, at *2 (S.D.N.Y. May 4, 2021) (explaining the requirement of showing prejudice for a Rule 3.7(b) disqualification). The Court

10

in *Murray* defined "prejudice" as "testimony that is 'sufficiently adverse to the factual assertions or account of events offered on behalf of the client, such that the bar or the client might have an interest in the lawyer's independence in discrediting that testimony.'" *Murray,* 583 F.3d at 178 (internal citations omitted).

The Second Circuit also noted that a court addressing a disqualification motion should consider harms to the judicial process, but that this concern is "'absent or, at least, greatly reduced'" in cases under Rule 3.7(b) when the witness is not acting as trial counsel. *Id.* (quoting *Ramey v. Dist. 141, Int'l Ass'n of Machinists & Aerospace Workers*, 378 F.3d 269, 283 (2d Cir. 2004)). The Second Circuit further explained that a motion to disqualify by imputation, pursuant to Rule 3.7(b), "should be ordered sparingly" and "only when the concerns motivating the rule are at their most acute." *Id.* (citing *Kubin v. Miller*, 801 F. Supp. 1101, 1114 (S.D.N.Y. 1992)). "[A] law firm can be disqualified by imputation only if the movant proves by clear and convincing evidence that [A] the witness will provide testimony prejudicial to the client, and [B] the integrity of the judicial system will suffer as a result." *Id.* at 178-79; *see GBML LLC v. M2B Invs., Ltd.*, No. 22-CV-3138 (RPK), 2022 WL 3566549, at *2 (E.D.N.Y. Aug. 18, 2022) (applying this test and finding disqualification was not required).

### III.   DISCUSSION

The Court finds that Defendants fail to meet their heavy burden to warrant disqualification of HKP as Plaintiff's counsel in this case. First, Mr. Torczyner or another HKP witness would not testify as to a sufficiently "significant issue" under Rule 3.7(b)(1) to justify disqualification of the law firm. Second, the Court concludes that that any such testimony would not be sufficiently prejudicial to either party or threaten the integrity of the judicial process to

11

warrant disqualification.⁷

### A.    Mr. Torczyner Is Not a Necessary Witness On A Significant Issue

"Disqualification may be appropriate under both subsections (a) and (b) [of Rule 3.7] only where the testimony by counsel is 'necessary.'" *Arenson Off. Furnishings, Inc.*, 2021 WL 1758806, at *3 (quoting *Power Play 1 LLC v. Norfolk Tide Baseball Club, LLC*, No. 17-cv-4831, 2017 WL 5312193, at *2 (S.D.N.Y. Nov. 13, 2017)).  "This inquiry 'does not focus on whether the attorney possesses discoverable knowledge, but rather whether trial of the case will in fact require his testimony.'"  *Id.*  (quoting *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 126 F. Supp. 3d 413, 422 (S.D.N.Y. 2015)).  "In addition . . . the moving party must demonstrate that the lawyer-witness is 'likely to be called' to testify on a 'significant issue.'"  *Finkel v. Frattarelli Bros.*, 740 F. Supp. 2d 368, 374 (E.D.N.Y. 2010) (quoting N.Y. Rules Prof'l Conduct R. 3.7(b)(1)).

The Court finds that Mr. Torczyner is not a necessary witness, as there may be other ways for parties to prove whether the Long Gun Review Form was in the mailings sent to Plaintiff's attorneys.  For example, Defendants may call HKP staff (and not necessarily Mr. Torczyner) as witnesses at trial.  *See* ECF No. 104-14 at 17.⁸  Even if Mr. Torczyner or an HKP

---

⁷ The Court is also concerned about the timing of Defendants' disqualification motion, which was first raised with Judge Locke several years after this case was filed.  Further, Defendants then inexplicably delayed seeking leave to file this motion for several months in 2022.  As set forth herein, the Court addresses the substance of Defendants' disqualification motion and, in so doing, notes that such motions can demonstrate "opportunistic" and "tactical" abuse.  *Murray*, 583 F.3d at 180.

⁸ Defendants' filings on this issue appear to vacillate between whether they intend to call Mr. Torczyner or other HKP staff as witnesses at trial.  *Compare* ECF No. 104-14 at 2 ("NCPD must call Neil Torczyner, Esq. and HKP staff as defense witnesses during the parties' anticipated jury trial to establish the constitutionality of the pistol license and longarm process.") and ECF No. 104-14 at 17 ("NCPD shall call HKP staff to testify as defense witnesses during the anticipated jury trial because such testimony is necessary to establish the constitutionality of the due process mechanism.")  *with* ECF No. 109 at 2 ("NCPD will be prejudiced calling Neil Torczyner, Esq. as a witness during the anticipated jury trial").  Based on the record before the

12

employee were to testify to this issue, it is not so substantial to justify disqualification of the law firm. According to Defendants, federal law "holds that a pistol licensing authority is constitutionally required to afford a 'prompt' due process mechanism to ensure constitutional safeguards under the Fourteenth Amendment." ECF No. 104-14. Mr. Torczyner's testimony, therefore, would likely go to whether the three month period between May (when Defendants allege the Long Gun Review Form was sent to Plaintiff – a fact which is disputed by Plaintiff) and August 2019 (when the parties agree the Long Gun Review Form was received by Plaintiff) is included in the evaluation of the third cause of action – a Due Process violation under the Fourteenth Amendment – i.e. whether Plaintiff was afforded a sufficiently "prompt" mechanism for challenging the deprivation. ECF No. 107-10 at 16. This narrow issue is not sufficiently central to the totality of the case to justify the draconian relief sought by Defendants to disqualify HKP as Plaintiff's counsel at trial.

      **B.    Testimony By Mr. Torczyner Or HKP Staff Is Unlikely To Create Prejudice To Either Party**

The Court finds that Defendants have failed to come forward with "clear and convincing evidence" to suggest testimony by Mr. Torczyner or other HKP staff would result in sufficient prejudice to justify disqualification. *Murray*, 583 F.3d at 178.

"To the extent that the attorney would not be providing testimony on his client's behalf, the party seeking to disqualify the attorney must show that there is a substantial likelihood that the testimony would be prejudicial to the witness-advocate's client." *Finkel*, 740 F. Supp. at 373 (citing *Murray*, 583 F.3d at 178). "Testimony is prejudicial where it is 'sufficiently adverse to the factual assertions or account of events offered on behalf of the client, such that the bar or the

---

Court, it appears that Mr. Torczyner would be the most likely witness as to whether HKP received the Long Gun Review Form in the packet in May 2019. *See* ECF No. 109 at 2.

13

client might have an interest in the lawyer's independence in discrediting that testimony.'" *Arenson Off. Furnishings, Inc.*, 2021 WL 1758806, at *3 (quoting *Murray*, 583 F.3d at 178). "The movant 'bears the burden of demonstrating specifically how and as to what issues in the case the prejudice may occur and that the likelihood of prejudice occurring [to the witness-advocate's client] is substantial.'" *Id.* (quoting *Murray*, 583 F.3d at 178). Finally, "[s]peculation as to the testimony that counsel would give is not sufficient to support a motion to disqualify." *Finkel*, 740 F. Supp. 2d at 376-77 (internal citations omitted).

Here, the Court does not find any prejudice against Plaintiff resulting from Mr. Torczyner's expected testimony, as it would likely be consistent with Plaintiff's interests in the calculation of time for whether he was afforded a "prompt" due process mechanism. ECF No. 107-10 at 16. It seems likely that Mr. Torczyner's testimony would assist Plaintiff in proving the third cause of action concerning this issue. *Id.* Furthermore, the Court is entirely unconvinced by Defendants' evolving and entirely speculative arguments that Mr. Torczyner may change his testimony at trial. ECF No. 109 at 2 ("If Neil Torczyner, Esq. admits that the departmental documentation was 'prompt[ly]' mailed and law office failure caused him to overlook same as a fact witness, then such testimony is 'prejudicial to [Mr. Valenti]' potentially causing the jury to render a verdict adverse to his legal and financial interests."). This hypothetical argument is highly speculative and woefully insufficient to disqualify the HKP law firm. *See Finkel*, 740 F. Supp. 2d at 376-77 (finding that speculation is not sufficient for disqualification).

### C.     Defendants' Other Arguments Are Unavailing

The Court has also considered Defendants' additional arguments and finds them equally without merit.

First, the Court does not find any prejudice to Defendants to be highly likely or

14

significant enough to disqualify HKP under the circumstances. *See* ECF No. 109. Notably, Rule 3.7(b)(1) would require prejudice to be found against Plaintiff, which the Court does not find here. Additionally, the Court finds that alleged prejudice to Defendants would be minimal, as the issue that Mr. Torczyner and/or HKP staff would testify to is not a significant enough issue to result in significant prejudice to Defendants.

Second, the Court has also considered whether disqualification would be appropriate under Rule 3.7(a), which Defendants cited to in their initial motion papers. ECF No. 104-14. However, Rule 3.7(a) concerns the disqualification of a lawyer, not a firm, and was resolved by the stipulation at ECF No. 100-1.

Finally, the Court has considered whether testimony by Mr. Torczyner and/or HKP staff would harm the judicial process. The Court in *Murray* explained concerns of prejudice under Rule 3.7(a):

> (1) the lawyer might appear to vouch for his own credibility; (2) the lawyer's testimony might place opposing counsel in a difficult position when she has to cross-examine her lawyer-adversary and attempt to impeach his credibility; (3) some may fear that the testifying attorney is distorting the truth as a result of bias in favor of his client; and (4) when an individual assumes the role of advocate and witness both, the line between argument and evidence may be blurred, and the jury confused.

*Murray*, 583 F.3d at 178. However, as noted above, the Court in *Murray* found these concerns to be "absent or, at least, greatly reduced" when "the witness is not acting as trial counsel." *Id.* (internal citations and quotations omitted). Similarly, given the narrow issues currently at play here, the Court does not find any significant harm to the judicial process or significant possible prejudice to Defendants resulting from the proposed testimony by a member of the HKP staff or Mr. Torczyner.

15

## IV. CONCLUSION

For the reasons set forth above, the undersigned recommends that Judge Brown deny Defendants' motion to disqualify HKP as counsel for Plaintiff.

## V. OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days). Any requests for an extension of time for filing objections must be directed to Judge Brown. FAILURE TO FILE TIMELY OBJECTIONS SHALL CONSTITUTE A WAIVER OF THOSE OBJECTIONS BOTH IN THE DISTRICT COURT AND ON LATER APPEAL TO THE UNITED STATES COURT OF APPEALS. *See Thomas v. Arn*, 474 U.S. 140, 154-55 (1985); *Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *F.D.I.C. v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995).

Dated: Central Islip, New York
       March 31, 2023

**SO ORDERED**:

/s/ Lee G. Dunst
LEE G. DUNST
United States Magistrate Judge