
HARFENIST KRAUT & PERLSTEIN LLP

STEVEN J. HARFENIST
DIRECT TEL.: 516-355-9630
DIRECT FAX:  516-355-9601
SHARFENIST@HKPLAW.COM

January 23, 2026

**VIA ECF**
Honorable Gary R. Brown
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

        Re:     ***Valenti v. Ryder et al***
                  **Docket No.: 19-cv-03990-GRB-LGD**

Dear Judge Brown:

We are counsel to plaintiff, Frankie Valenti ("Plaintiff"), in this matter. Despite the Court's directive for Defendants to file a new, updated and accurate Local Civil Rule 56.1 Response by January 21, 2026 (ECF No. 149), the Defendants have yet to file their response.

In the January 6, 2026, Order the Court advised the Plaintiff to reach out to counsel for Defendants to ensure that they are aware of the Court's rescheduling of the pre-motion conference and their deadline to file a Local Civil Rule 56.1 Response.

On January 12, 2026, we advised Matthew Rozea, an attorney of record for the Defendants, via email of the Court's January 6th Order. On that same day, the Secretary to the Chief Deputy County Attorney advised us that this matter was reassigned to Deputy County Attorney Steven Dalton. Also on January 12, 2026, Gustave Passanante, an attorney at our office, encountered Mr. Dalton at a status conference on a separate matter pending in this District. Mr. Dalton confirmed to Mr. Passanante that he was aware of the rescheduled deadlines in this action.

As this Court is aware, this matter has already been subject to extensive delays. The parties' first pre-motion letters for summary judgment were filed back on September 22, 2022, well over three years ago. At this point, additional adjournments will only further prejudice the Plaintiff and waste additional time and resources for all parties involved.

The Plaintiff, and more importantly, the Court, have been far too courteous to the Defendants during the pendency of this action.

Pursuant the Court's Individual Practice Rules, Rule II. g. 3. b., the non-moving party is required to file a Local Civil Rule 56.1 response and a "non-moving party's failure to comply may constitute grounds for striking the Local Civil Rule 56.1 Response" (assuming it is ever filed).

3000 MARCUS AVENUE, SUITE 2E1
LAKE SUCCESS, NY 11042
T – 516.355.9600 F – 516.355.9601

2975 WESTCHESTER AVENUE, SUITE 415,
PURCHASE, NY 10577
T – 914.701.0800 F – 914-708-0808.

HKP

Under these circumstances, the Court should move forward with the Pre-motion conference and determine the motion on the current submissions, deeming all of the Plaintiff's factual statements in his Rule 56.1. statement admitted.

While we are loath to make this request, at some point there must be consequences for ignoring the Court's directives. As the Court is aware, this is not an isolated incident-the County's failure to efficiently adjudicate cases in accordance with FRCP 1 is systemic to the County Attorneys' Office. For almost 25 years, and especially since they stopped using outside counsel, the County of Nassau has repeatedly missed deadlines without any consistent repercussions.[1] The time has come for that to change.

We thank the Court for its attention to this matter.

Respectfully submitted,
HARFENIST KRAUT & PERLSTEIN, LLP

By:    _Steven J. Harfenist_

Steven J. Harfenist

SJH/lam
cc:    All counsel (via ECF)

---

[1] As the Court is aware, the undersigned represented the County in the yearly 2000's in dozens of cases in this Court.

3000 MARCUS AVENUE, SUITE 2E1
LAKE SUCCESS, NY 11042
T – 516.355.9600 F – 516.355.9601

2975 WESTCHESTER AVENUE, SUITE 415,
PURCHASE, NY 10577
T – 914.701.0800 F – 914-708-0808.